**Ronnie DICKENSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 10490.**

United States Court of Appeals
Fourth Circuit.

Argued June 23, 1966.

Decided Sept. 12, 1966.

Jackson S. White, Jr., Abingdon, Va. (Court-assigned counsel), for appellant.

Thomas B. Mason, U. S. Atty., for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and LEWIS, District Judge.

PER CURIAM.

Following Ronnie Dean Dickenson's pleas of guilty in the District Court on June 15, 1964, to two indictments, each of which charged him with violation of the federal kidnapping statute, 18 U.S.C. § 1201 (1964), and the Dyer Act, 18 U.S. C. § 2312 (1964), he was sentenced to serve two concurrent prison terms of thirty-five years each. On October 1,

1965, Dickenson moved the District Court, pursuant to 28 U.S.C. § 2255 (1964), to vacate his sentences. The District Court denied the motion after a hearing on November 22, 1965. This appeal followed.

Dickenson contends that his convictions are constitutionally infirm on two grounds. First, he claims that his guilty pleas were induced by reason of a confession which was obtained in violation of due process standards. The essential factual allegations underlying this claim are: that after he was taken into custody by F.B.I. agents he requested and was denied counsel; [1] that he was not warned of his right to remain silent; that interrogation by F.B.I. agents had not elicited any incriminating statements from him; and that his confession was given only after the local sheriff, considered by Dickenson as his friend, took him to the basement of the jailhouse and there advised him that things would go better for him if he confessed. The second asserted constitutional infirmity is that his two court-appointed attorneys afforded him inadequate and ineffective representation.

▉▉ While the District Judge failed to make specific findings as to all issues factually in dispute,[2] he did deliver an oral opinion from the bench at the conclusion of the hearing and found, either specifically or implicitly, that the guilty pleas had been entered voluntarily, that they were not induced by the presence of an involuntary confession, and that

---

1. Relying upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), Dickenson argued in his brief that the infringement of his right to counsel rendered his confession invalid irrespective of whether the circumstances of its obtention comported with due process requirements. However, the Supreme Court held, prior to arguments and submission of the instant appeal, that Escobedo affects only those cases in which trial began after June 22, 1964, the date of that decision. Johnson v. New Jersey (June 20, 1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Johnson held also that the rigid safeguards established by Miranda v. Arizona (June 13, 1966), 384 U.S. 436, 86

S.Ct. 1602, 16 L.Ed.2d 694 for in-custody interrogation are not to be applied retroactively. Consequently, at the bar of this court Dickenson abandoned his argument that the refusal of his request for counsel invalidated his confession under Escobedo.

2. 28 U.S.C. § 2255 requires the District Court to "determine the issues and make findings of fact and conclusions of law with respect thereto." In other instances we have noted failures of District Courts to fully comply with section 2255. We are impelled to again urge strict compliance with the provisions of that section for reasons readily apparent, one of which is the simplification of appellate review.

Dickenson's counsel afforded him effective representation. Our study convinces us that these findings and conclusions are substantially supported by the record.

Affirmed.